UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORPORATION, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 10-10489-JLT |
| AMERICAN HOME ASSURANCE CO., | * | |
| Defendant. | * | |

ORDER

February 4, 2011

TAURO, J.

After reviewing the Parties' written submissions, this court hereby orders that Defendant's Motion to Dismiss the Plaintiff's Complaint [#5] is DENIED. Before the time when a contract is violated, "there is no justiciable controversy, and it would be illogical to let the statute of limitations for bringing an action begin to run before the action can be brought."[1] Although the final judgement at the trial level was entered in 2007, the stay of judgment meant that the obligation to pay did not arise until the end of the appeal in 2010. Because Plaintiff was not obligated to pay until this appeal concluded, Defendant was not obligated to indemnify Plaintiff.

---

[1] Berkshire Mut. Ins. Co. v. Burbank, 422 Mass. 659, 664 (1996); John Beaudette, 94 F. Supp. 2d at 100 (citing Burbank, 422 Mass. at 664; Cardin v. Pac. Emp'rs Ins. Co., 745 F. Supp. 330, 334 (D. Md.1990)); see also Cardin, 745 F. Supp. at 334 ("[A]ccrual of a cause of action means a right to institute and maintain suit; i.e., whenever one person may sue another a cause of action has accrued and the statute [of limitations] begins to run."); Lumbermens Mut. Cas. Co. v. Y.C.N. Transp. Co., Inc., 46 Mass. App. Ct. 209, 214 (1999) (claim for action on insurance contract accrues when insured receives notice that insurer disclaims any obligation to indemnify).

Plaintiff therefore had no cause of action until the final judgment on appeal on January 8, 2010, after which Plaintiff promptly filed its claim.

IT IS SO ORDERED.

                                                            /s/ Joseph L. Tauro
                                                         United States District Judge