UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORPORATION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 10-10489-JLT |
| AMERICAN HOME ASSURANCE CO., | * * | |
| Defendant. | * * | |

MEMORANDUM AND ORDER

May 29, 2012

TAURO, J.

After reviewing the Parties' written submissions, and hearing arguments on March 14, 2012, this court hereby orders that Defendant's Motion for Summary Judgment [#28] is DENIED.

This case arises out of a dispute over coverage under a marine insurance policy issued by Defendant for a personal injury that occurred on a barge owned by Plaintiff.[1] The underlying injury occurred on December 17, 2003. Following a trial on the merits judgment was entered against Plaintiff with damages of $727,829.64 on August 28, 2008. This judgment was affirmed by the Fifth Circuit Court of Appeals on September 14, 2009.[2] Defendant contends that because it was not given notice of the underlying personal injury claim until after both the judgment and

---

[1] See Def. Mem. in Supp. [#29] at 1.

[2] Pl. Mot. in Opp'n. [#35] at 2-3.

the appeal from the judgment were final, it has suffered prejudice as a matter of law.[3]

Summary judgment should be granted when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law.[4]  In deciding a motion for summary judgment, "'a court is not authorized to make findings of fact, . . . [and it] must examine the record 'in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party.'"[5]

It is well settled under Massachusetts law that an insurer "cannot deny coverage of a claim under a late notice defense 'unless the insurance company has been prejudiced thereby.'"[6] Defendant urges this court to follow the Lusalon case and find that failure to notify an insurer of a claim until after a final judgment of liability has entered is "prejudicial as a matter of law."[7]  In light of developments in the Massachusetts law governing insurance arising after the Lusalon case  this court declines to do so. [8]

---

[3]Def. Mem. in Supp. [#29] at 1.  Although Plaintiff argues that Defendant "knew or should have known" of the underlying injury in 2005, the court does not need to discuss or determine the actual date of notice at this time.  Regardless of when notice was given, as discussed below, Defendant must still prove prejudice to prevail on its late notice defense.

[4]Fed. R. Civ. P. 56(a).

[5]OneBeacon America Ins. Co. v. Commercial Union Assur. Co. Of Canada, 804 F. Supp. 2d 77, 85-87 (D. Mass. 2011) (Tauro, J.) (quoting Ross v. Framingham Sch. Comm., 44 F. Supp. 2d 104, 113 (D. Mass. 1999); de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)).

[6]Invensys Systems, Inc. v. Centennial Ins. Co., 473 F. Supp. 2d 211, 217-18 (D. Mass. 2007) (quoting M.G.L. ch. 174, § 112).

[7]Lusalon v. Hartford Accident and Indem. C., 23 Mass. App. Ct. 903, 904 (1986).

[8]Since Lusalon was decided, the Supreme Judicial Court has overruled three of the four cases relied upon by the Massachusetts Appeals Court in reaching its decision. Invensys, 473 F. Supp. 2d at 219 & n.5.  See also Johnson Controls, Inc. v. Bowes, 381 Mass. 278, 280, 282. Post-Lusalon case-law clearly affirms the position that insurers bear the burden of proving actual prejudice in order to succeed on a notice defense.  Invensys 472 F. Supp. 2d at 219 (citing cases).

The Massachusetts Supreme Judicial Court has consistently held that insurance companies seeking to deny coverage because of late notice must prove that they suffered actual prejudice to their position as a result.[9]  Massachusetts courts have also explicitly declined to adopt rebuttable presumptions of prejudice when an insurer raises a notice defense.[7]  It is therefore clear that in order to succeed in its notice defense, Defendant must prove both that Plaintiff's notice was untimely under the terms of the insurance policy and that Defendant suffered actual prejudice as a result.  Such a finding is not ripe for summary judgment because whether there was actual prejudice is a question of fact to be determined at trial.  As of this date, the parties have not yet engaged in discovery on the issue of prejudice in this case.[8]

For the reasons given above, Defendant's Motion for Summary Judgment [#12] is DENIED.

IT IS SO ORDERED.

       /s/ Joseph L. Tauro
   United States District Judge

---

[9] Johnson Controls, 381 Mass. 278, 282 (1980) ("we hold that where an insurance company attempts to be relieved of its obligations under a liability insurance policy . . . on the ground of untimely notice, the insurance company will be required to prove both that the notice provision was in fact breached and that the breach resulted in prejudice to its position."); Darcy v. The Hartford Insurance Co., 407 Mass. 481, 489 (1990) (emphasizing the public policy reasons underlying the prejudice requirement);  Invesys, 473 F. Supp. at 218.

[7] See Darcy, 381 Mass. at 486; see also Employers' Liability Assurance Corp., Ltd. v. Hoechst Celanese Corp., 43 Mass. App. 465, 476 (1997).

[8] See Order [#20].